## McINTOSH v. GREEN.

EQUITY; RESULTING TRUSTS; PAROL AGREEMENTS.

A parol agreement by one to purchase land in his own name, to pay for it with his own money, and to hold it for the benefit of another person, will not, if executed, create a resulting trust in such other person, but is void under the statute of frauds as an attempt to create by parol an express trust in land.

No. 1511. Submitted March 24, 1905. Decided May 2, 1905.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity to enforce a trust against certain real estate.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Joseph H. Stewart* for the appellant.

*Mr. M. T. Clinkscales* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decree dismissing a bill to declare a trust in certain lands in the District of Columbia, and compel a conveyance of the legal title.

The bill alleged that in June, 1902, complainant, Albert McIntosh, through an agent, entered into an agreement with the

Union Savings Bank to purchase the property described as lot 41 in Wright and Cox's subdivision of Pleasant Plains, for the sum of $2,600. That he then made an agreement with defendant, James W. Green, whereby the latter, in consideration of $10 to be paid him, promised to take the title and thereafter to convey the same to complainant's daughter. That complainant arranged through his agent to negotiate two loans on said property, the first for $2,500 and the second for $300. That after the payment of a commission to complainant's agent, the fees of the title company, and other expenses, there was, "according to complainant's recollection," a shortage of about $40 to be paid to the title company before said company would deliver and record the conveyance. That complainant requested the defendant to lend him the said sum, and promised to repay the same, whereupon defendant advanced the same and received the conveyance, which was recorded. That complainant has offered to settle with defendant and to pay him the $10 agreed upon as his compensation, and the said sum of $40 advanced by him, with interest, upon condition of his execution of a conveyance of the property to complainant's daughter; all of which defendant refused.

Defendant's answer denied the alleged agreement, and averred the purchase of the property wholly with money obtained and advanced by defendant, and for his own benefit.

It is unnecessary to review the evidence on behalf of the parties respectively, as we concur in the views expressed by Mr. Justice Gould, who presided in the equity court, in the following extract from his opinion that has been made part of the record: "Without passing upon the question of fact involved in this testimony, or considering whether the testimony preponderates in plaintiff's favor or not, I am of the opinion that plaintiff's bill must be dismissed. His case is obviously bottomed upon the theory of a resulting trust, which arises when the purchaser of an estate pays the purchase money, and takes the title in the name of a third person. . . . In this case, plaintiff himself testified that he did not contribute a cent towards the payment for the real estate; he certainly assumed no liability on the

encumbrances which practically paid for it; and he fails to sustain the burden of proof to establish the necessary proposition that the $40 balance paid by the defendant was a loan to him. In argument, his counsel contended that his discovery of the bargain whereby the purchaser could become the owner of the real estate by the use of money borrowed from others was such a contribution; in other words, that his information through which the property was obtained was such a valuable contribution towards the purchase price that he is entitled to credit therefor. But this view entirely mistakes the theory of a resulting trust. The purchase price goes to the vendor, not to the vendee of the legal title. As between one attempting to set up the resulting trust and his alleged trustee, the information furnished by the former to the latter in regard to the property might be a sufficient consideration to support a *contract between them,* provided such contract was in the form required by law when an interest in real estate is involved. But such 'information' is no part of the consideration of the deed from the original grantor, the payment of which by the *cestui que trust* is the basis of a resulting trust."

The learned justice was clearly right in the conclusion that there was no foundation upon which to raise up a resulting trust, and that the case resolved itself into an attempt to create an express trust in land by parol against the prohibition of the statute of frauds. *Howland* v. *Blake,* 97 U. S. 624, 628, 24 L. ed. 1027, 1029; 1 Perry, Tr. 4th ed. sec. 134; *McCartney* v. *Fletcher,* 11 App. D. C. 1, 20.

In *Howland* v. *Blake* the claim was that one Taylor, under a mortgage executed to him by Howland, had purchased the mortgaged property at foreclosure sale, and taken a conveyance under an oral agreement with Howland that the premises should still be held as security for the money due, and reconveyed upon extinguishment of the debt. Taylor, needing the money shortly thereafter, requested Howland to procure its advance by some other purchaser. Howland informed Blake and Elliott of the aforesaid facts, and requested them to advance the money and take Taylor's place under an absolute conveyance. They paid

Blake and received the conveyance under an oral agreement to hold the property as Taylor had done. The court held that Howland's bill was rightly dismissed, saying: "Such an agreement is one creating by parol a trust or interest in lands, which cannot be sustained under the statute of frauds. It is a naked promise by one to buy lands in his own name, pay for them with his own money, and hold them for the benefit of another. It cannot be enforced in equity, and is void."

The facts in the case at bar bring it entirely within the rule above declared, and the decree must be affirmed, with costs. It is so ordered.                                    *Affirmed.*